NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0139n.06

No. 09-6389

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 11, 2011**
LEONARD GREEN, Clerk

TRACY BAILEY,                                       )
                                                    )
    Plaintiff-Appellant,                       )
                                                    )
v.                                                  )   ON APPEAL FROM THE UNITED
                                                    )   STATES DISTRICT COURT FOR
COMMISSIONER OF SOCIAL SECURITY,                    )   THE WESTERN DISTRICT OF
                                                    )   KENTUCKY
    Defendant-Appellee.                        )
                                                    )
                                                    )

Before: GRIFFIN and KETHLEDGE, Circuit Judges; BERTELSMAN, District Judge.[*]

KETHLEDGE, Circuit Judge. Tracy Bailey appeals the district court's judgment affirming an administrative law judge's denial of her application for social-security disability benefits. Having reviewed the record, we conclude that substantial evidence supports the ALJ's findings and that Bailey's remaining arguments are meritless. We therefore affirm.

Bailey suffered a lower-back injury in January 1999 while working as a certified nurse's assistant at a nursing home. Her employment there ended in December 2000. She has not worked since. She had back surgery for spinal decompression and fusion in January 2003. Six months later, she had a second back surgery to remove a herniated disk.

---

[*]The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

Bailey filed an application for disability benefits in May 2003. An ALJ granted benefits for a closed period running from December 2000 to February 2004. She thereafter filed a second application for a period beginning in October 2004. A different ALJ rejected this application, finding that Bailey's complaints did not amount to a listed impairment in the relevant regulations. The ALJ also determined that Bailey could perform a full range of sedentary work. In reaching this conclusion, the ALJ cited Bailey's lack of credibility and agency physicians' opinions that Bailey could perform light work. This decision became final when the Appeals Council denied review. Bailey thereafter sought review of the ALJ's decision in federal district court. The district court rejected all of Bailey's arguments and affirmed the decision. This appeal followed.

Our task is to determine whether the ALJ applied the correct legal standards and reached a conclusion supported by substantial evidence in the record. *See Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

Bailey argues that substantial evidence does not support the ALJ's finding that her spinal condition does not medically equal a disorder of the spine, as described in the applicable regulations. 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04 ("§ 1.04"). Normally, a claimant can establish disability by demonstrating all of the medical findings listed for an impairment. 20 C.F.R. § 404.1525(c)(3). If a claimant does not have one of the findings, however, she can present evidence of some medical equivalent to that finding. *Id.* § 404.1526(b)(1)(ii). To demonstrate such a medical equivalent, the claimant must present "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original).

Here, to establish a disorder of the spine, Bailey must show either nerve-root or spinal-cord compression. *See* §§ 1.04A, 1.04C. She concedes that she can show neither; but she argued to the ALJ that her incomplete spinal fusion has created symptoms that are the medical equivalent to both forms of compression. The ALJ disagreed: he noted that, despite her incomplete fusion, doctors had been relatively upbeat with respect to her spinal condition since the surgeries and had not mentioned any "findings equivalent in severity to the criteria of any listed impairment."

Bailey reiterates her medical-equivalency argument here. To establish the equivalent of nerve-root compression, Bailey must demonstrate a lack of motor strength, a lack of sensory functions, and a positive straight-leg raising test, among other things. *See* § 1.04A. She cannot do so: numerous doctors' reports show the opposite of these findings.

As for spinal-cord compression, Bailey must show that she cannot "ambulate effectively," among other criteria. *See* § 1.04C. Under the regulations, "[i]nability to ambulate effectively means an extreme limitation of the ability to walk[.]" 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00(B)(2)(b)(1). But no doctor or physical therapist ever imposed any limitation on Bailey's walking, which precludes the necessary showing here. *See Schultz v. Astrue*, 479 F.3d 979, 982 (8th Cir. 2007). Indeed, one doctor even noted Bailey's ability to walk normally. Bailey does cite her own testimony that she "is limited in her ability to walk at a reasonable pace over [a] sufficient distance[.]" Bailey Br. at 18. But the ALJ found Bailey's testimony generally to be incredible. That finding is supported by Bailey's testimony that she smoked marijuana "to stay alive" so that others "wouldn't think [she] was a Narc." Moreover, one doctor noted that Bailey was exaggerating her pain, and physical therapists stated that her reports of pain were "inconsistent" and that her

"subjective complaints did not always correlate with her objective findings." Substantial evidence therefore supports the ALJ's finding that Bailey's impairment does not medically equal a listed impairment.

Next, Bailey argues that substantial evidence does not support the ALJ's finding that she can perform a full range of sedentary work. Her argument, specifically, seems to be that the ALJ failed to provide a detailed analysis of each medical report in his opinion. That argument is meritless. True, an ALJ is required to—and, in this case, did—provide specific reasons for crediting or discrediting a claimant's testimony. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 & n.5 (6th Cir. 2007). But he is not required to analyze the relevance of each piece of evidence individually. Instead, the regulations state that the decision must contain only "the findings of facts and the reasons for the decision." 20 C.F.R. § 404.953. The ALJ's opinion did just that: the ALJ cited to evidence and fully explained the reasons for denying Bailey's application. Further, the ALJ stated that he reached his conclusion "[a]fter careful consideration of the entire record"— which we have no reason to doubt after our own independent review of the record.

Moreover, substantial evidence supports the ALJ's finding that Bailey is capable of sedentary work. Two assessments of Bailey's residual-functional capacity—one conducted in September 2006 and one in November 2006—noted her ability to stand or walk for six hours a day, sit for six hours a day, occasionally lift twenty pounds, and frequently lift ten pounds. The assessments further noted a lack of postural limitations, with the sole exception of stooping. Of the medical records, only her social-security consultative examination contradicts these findings as far as her ability to carry out repetitive work. But given the remainder of the record—not to mention Bailey's own statements that

she can still clean her home, go shopping, and visit friends and family, although not as often as she once did—a reasonable mind could find adequate evidence to support the ALJ's conclusion that Bailey could perform sedentary work.

Bailey next argues that she did not receive a fair and impartial hearing before the ALJ. We presume that judicial and quasijudicial officers, including ALJs, carry out their duties fairly and impartially. *See Rosen v. Goetz*, 410 F.3d 919, 930-31 (6th Cir. 2005). Bailey has the burden of persuading us otherwise, which she can do only with "convincing evidence that a risk of actual bias or prejudgment is present." *Navistar Int'l Transp. Corp. v. U.S. E.P.A.*, 941 F.2d 1339, 1360 (6th Cir. 1991) (internal quotation marks omitted).

Bailey cites two aspects of the ALJ's conduct as evidence of bias. First, she says bias is shown by the ALJ's failure to evaluate each medical record individually in his opinion. We have already disposed of that argument. Second, she says the ALJ was hostile towards her at the hearing. We have reviewed the hearing transcripts and find no impropriety at all. Her claim of bias is meritless.

Finally, Bailey argues that we should remand her case to the ALJ for consideration of an October 2004 report that was not part of the administrative record. We reject this argument for the same reasons the district court did.

The district court's judgment is affirmed.